UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALEXANDER MASCAL,<br><br>Plaintiff,<br><br>v.<br><br>MAINE DEPARTMENT OF CORRECTIONS, et al<br><br>Defendants. | Case No. 1:22-cv-00292-JAW<br><br>**MDOC DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY DESIGNATION** |

Under Section 9(c) of the Confidentiality Order entered in this case (ECF No. 26), Defendants the Maine Department of Corrections ("MDOC"), Long Creek Youth Development Center, Brooker, Bouchard, Fitzpatrick, Lemery, Macomber, Merrill, Morin, Ponte, Staley, Sturgis, Vance, and Young ("the MDOC Defendants") move the Court for an order affirming that six documents produced in discovery merit the Confidential designation provided for in the Confidentiality Order entered in this case.

**Procedural History**

On February 16, 2024, the MDOC Defendants produced documents to Plaintiff and the other parties as part of the MDOC Defendants' initial disclosures. Plaintiff objected to the confidentiality designation placed on fifteen of those documents. Plaintiff's counsel and counsel for the MDOC Defendants met and conferred by phone on March 25, 2024, and also by email, and were able to resolve the disagreement with respect to all but six documents. Because the parties were unable to agree on whether those six documents should remain confidential under the Confidentiality Order entered by the Court, the MDOC Defendants now move to retain the designation.

1

Redacted, non-confidential versions of these confidential documents are attached as Exhibits 1 through 6. The MDOC Defendants will submit them unredacted for *in camera* review if the Court so orders. Alternatively, the MDOC Defendants can move to seal unredacted versions, if the Court prefers.

The six documents at issue include:

- an 8-page incident report describing in detail Defendant Detective Fagone's investigation into Plaintiff's allegations against Defendant Atkinson (MDOC000591-598, Ex. 1);

- an email from an MDOC probation officer to another MDOC employee regarding blackmail and threats to physical safety reported to him and discussing possession of a weapon by a third party not involved in this case (MDOC000624, Ex. 2);

- an internal memorandum from the Chief of Investigations at the Office of the Maine Attorney General that outlines allegations of a sexual nature made by Plaintiff (MDOC000656, Ex. 3);

- Defendant Fagone's "Investigative Checklist-Sexual Misconduct," which contains the name of a third-party reporting staff member and personnel information about a Defendant (MDOC000657, Ex. 4);

- Defendant Fagone's report regarding a Prison Rape Elimination Act (PREA) investigation that was mailed to Plaintiff but returned to sender, which contains the name of another MDOC employee, against whom PREA allegations were made and who is not involved in this matter (MDOC000658-659, Ex. 5);

- another copy of Defendant Joseph Fagone's report regarding a PREA investigation, which contains the name of another MDOC employee, against whom PREA allegations were made and who is not involved in this matter (MDOC000660, Ex. 6).

**Argument**

Under Section 3 of the Confidentiality Order, documents may be designated confidential if the designating party's attorney "has in good faith determined that the documents contain information protected by disclosure by statute or that should be protected from disclosures as confidential personal information, information that could compromise the safety or security of another person or a correctional facility, trade secrets, personnel records, or commercial information." (ECF No. 26 p. 3.)

Here, the documents at issue are confidential under state law as confidential information relating to MDOC clients (34-A M.R.S. § 1216 (Westlaw current through emergency legislation through Chapter 596 of the 2023 Second Regular Session)), confidential information protected by the Intelligence and Investigative Record Information Act (16 M.R.S. §§ 803-809 (Westlaw current as described *supra*)), and confidential employee information (5 M.R.S. § 7070 (Westlaw current as described *supra*). Several of the documents also contain confidential and sensitive personal information that should be kept confidential to protect the privacy rights of those involved. The application of these statutes to each document at issue is described below.

1. **MDOC000591-598 (Ex. 1)**

The first document at issue, MCOD000591-598, is an 8-page incident report describing Defendant Fagone's investigation in detail. Per the Confidentiality Order, the document was marked confidential because it contains "information protected by disclosure by statute." (ECF No. 26 p. 3.) The document is confidential intelligence and investigative record information under 16 M.R.S. § 803(7), which defines intelligence and investigative record information as "information of record collected by or prepared by or at the direction of a criminal justice agency or kept in the custody of a criminal justice agency while performing the administration of criminal justice[.]" The statute specifies that intelligence and investigative record information "includes information of record

3

concerning investigative techniques and procedures . . . prepared or collected by a criminal justice agency[.]" *Id.* The statute also defines "criminal justice agency" as a "federal, state or State of Maine government agency . . . that performs the administration of criminal justice pursuant to a statute or executive order." 16 M.R.S. § 803(4). Defendant Fagone was a detective at Long Creek Youth Development Center who was investigating Plaintiff's claims of illegal activity by collecting evidence and interviewing witnesses, as described in the incident report. This report is information of record collected by a criminal justice agency while performing the administration of criminal justice and thus is intelligence and investigative record information protected by statute.

16 M.R.S. § 804 of the Intelligence and Investigative Information Record Act makes intelligence and investigative record information confidential and prohibits its dissemination "if there is a reasonable possibility that public release or inspection would" "(3) constitute an unwarranted invasion of personal privacy;" or "(9) disclose statutorily designated confidential information[.]" Here, all MDOC information regarding clients is confidential under 34-A M.R.S. § 1216 and complaints against state employees are confidential under 5 M.R.S. § 7070(2)(E), meeting the element of 16 M.R.S. § 804, section 9 (disclosing statutorily designated confidential information). The personal privacy prong (section 3 of 16 M.R.S. § 804) is also met, because release of this record would constitute an unwarranted invasion of the personal privacy of Defendant Atkinson (whose address, description, birthdate, and phone number are listed), and would also constitute an unwarranted invasion of personal privacy of others described in the report, including relatives of Plaintiff, one of whose home address and phone number are listed. The incident report gives an almost verbatim account of witness interviews Defendant Fagone conducted, which are "information of record collected by or prepared by or at the direction of a criminal justice agency or kept in the custody of a criminal justice agency while performing the administration of criminal justice[.]" 16 M.R.S.

§ 803(7). The incident report also describes an email (discussed below and also marked confidential) from a probation officer regarding alleged blackmail, threats, and an incident involving a firearm in the possession of a third party (MDOC000595, 624).

The incident report also describes how often video at Long Creek was purged (MDOC000560) which, if publicly disseminated, could inhibit investigations at Long Creek. For example, someone who had committed an assault could pressure the victim to not report the crime until the length of time had passed after which no video evidence would still exist. MDOC also cautions that if witness information contained in the incident report is not protected as confidential intelligence and investigative record information, MDOC believes that there would be a chilling effect on future participation in investigations by witnesses with relevant information. For all of these reasons, MDOC believes that this incident report was properly designated Confidential and moves to preserve the designation.

2. **MDOC000624 (Ex. 2)**

The second document at issue (MDOC000624) is an email from an MDOC probation officer to another MDOC employee regarding blackmail and threats to physical safety reported to him and discussing possession of a firearm by a third party. The safety of the person reporting threats is potentially endangered if their identity is not treated as confidential, meeting the Confidentiality Order's standard for designating information confidential if it could compromise the safety of another person. As discussed above (the email is summarized in the incident report), this document is also confidential under the statute that makes information concerning MDOC clients confidential (34-A M.R.S. § 1216) and constitutes confidential intelligence and investigative record information under 16 M.R.S. §§ 803-804. Because the document contains information that is protected by disclosure by statute and that should be protected as confidential personal information, and information that could

5

compromise the safety or security of another person (ECF No. 26 p. 3), the Court should maintain the confidentiality designation on this email.

3. **MDOC000656 (Ex. 3)**

The third document at issue (MDOC000656) is an internal memorandum signed by the Chief of Investigations at the Office of the Maine Attorney General that outlines allegations made by Plaintiff, using graphic detail. This document also constitutes intelligence and investigative record information, which specifically includes information collected by "the Department of Attorney General" in the "administration of civil justice[,]" in addition to criminal justice. 16 M.R.S. § 803(7). Under 16 M.R.S. §§ 804(3) and (9), disseminating this document would "constitute an unwarranted invasion of personal privacy" and disclose statutorily-protected information about Plaintiff and the person he accused. Allegations of misconduct against a state employee are confidential under 5 M.R.S. § 7070(2)(E), which makes complaints and charges or accusations of misconduct confidential and prohibits their disclosure, unless there is a final written disciplinary decision upholding the charges, which is not the case here. In addition, information regarding Plaintiff (as a client of MDOC) is confidential under 34-A M.R.S. § 1216. Because the internal memorandum of the Attorney General's Office qualifies as confidential under the Confidentiality Order, the Court should maintain the confidentiality designation.

4. **MDOC000657 (Ex. 4)**

The fourth document at issue (MDOC000657) is Defendant Fagone's "Investigative Checklist-Sexual Misconduct," which contains the name of a third-party reporting staff member and personnel information about a Defendant, including length of state service, last date of PREA training, and the nature of the allegations. As discussed above, complaints, allegations, and charges of misconduct are confidential under 5 M.R.S. § 7070(2)(E) and are prohibited from being disclosed

unless there has been a final written disciplinary decision, which is not the case here. The checklist also contains information about whether there were physical injuries and whether medical and mental health professionals were seen, which is confidential and personal information. The checklist also constitutes intelligence and investigative record information, which by statute is defined to include "information of record concerning investigative techniques and procedures[.]" 16 M.R.S. § 803(7). The investigative checklist shows the order, necessary evidence to document, and steps of the investigative procedures, meeting the definition of "investigative . . . procedures" in 16 M.R.S. § 803(7). Because the document is confidential by statute, and disclosure would violate state confidentiality laws and constitute an unwarranted invasion of personal privacy, the material qualifies for protection under the confidentiality order. Thus, the Court should preserve the confidentiality designation.

### 5. MDOC000658-59 (Ex. 5) &  6. MDOC000660 (Ex. 6)

The fifth and sixth documents at issue are nearly identical. They both name an employee of the Maine Department of Corrections who is not involved in this case. The MDOC Defendants believe that his name was inadvertently printed on the form and that the person filling out the form used a prior draft of the form with that employee's name still on it. That draft form states that a PREA allegation was made against an unrelated employee, and this is confidential under 5 M.R.S. § 7070(2)(E). MDOC provides confidential notices like this to those making PREA allegations because such notice is required by the PREA regulations. 28 CFR § 115.73. MDOC has not waived any state confidentiality protections by making a good faith effort to comply with federal PREA regulations. Exhibit D also displays Plaintiff's home address, which is confidential information. Thus, the Court should maintain the confidentiality designation on these documents.

## Conclusion

The six documents at issue meet the requirements of the Confidentiality Order for confidentiality (that they contain information protected by disclosure by statute or that should be protected from disclosure as confidential personal information, information that could compromise the safety or security of another person or a correctional facility, [and] personnel records[.]"(ECF No. 26 p. 3.) The documents at issue should maintain their confidentiality designation, because they contain sensitive information about parties to the case and third parties, descriptions of blackmail, threats, and conduct involving a firearm, allegations of misconduct that would violate personal privacy, and confidential personnel information protected by state law. Thus, the MDOC Defendants respectfully request that the Court maintain the confidential designations.

Dated: April 12, 2024

AARON M. FREY
Attorney General

/s/ Jillian R. O'Brien
JILLIAN R. O'BRIEN
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
Fax (207) 287-3145
jill.obrien@maine.gov

Counsel for Defendants Maine Department of Corrections, Long Creek Youth Development Center, Brooker, Bouchard, Fitzpatrick, Lemery, Macomber, Merrill, Morin, Ponte, Staley, Sturgis, Vance, and Young