UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALEXANDER MASCAL, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) 1:22-cv-00292-JAW <br> MAINE DEPARTMENT OF ) <br> CORRECTIONS, et. al., ) <br> ) <br> Defendants ) | |

**ORDER ON MOTION TO RETAIN CONFIDENTIAL DESIGNATION**

Pursuant to the Confidentiality Order in this case (Order, ECF No. 26), Defendants the Maine Department of Corrections ("MDOC"), Long Creek Youth Development Center, Brooker, Bouchard, Fitzpatrick, Lemery, Macomber, Merrill, Morin, Ponte, Staley, Sturgis, Vance, and Young ("MDOC Defendants" or "Defendants") designated certain documents as "confidential" during the discovery process. Following Plaintiff's objection to Defendants' confidential designation of fifteen documents, and after the parties resolved the issue as to some of the documents, Defendants move to retain the confidential designation on six documents. (Motion, ECF No. 83.) Plaintiff opposes the motion. (Opposition, ECF No. 88.)

After a review of the relevant portions of the record, and after consideration of the parties' arguments, the Court grants in part Defendants' motion.

**BACKGROUND**

Plaintiff alleges various federal and state claims based on his experience while he was in custody at Long Creek. (Amended Complaint, ECF No. 73.) Relevant to this

motion, Plaintiff alleges that while he was at Long Creek, a juvenile program worker sexually assaulted him on multiple occasions. (*Id*. ¶¶ 98, 103, 142, 143, 148.) Prior to the commencement of this action, Defendant Fagone, an investigator with the Maine Department of Corrections, investigated Plaintiff's assertions.

The six documents in dispute consist of (1) an incident report regarding Defendant Fagone's investigation of some of Plaintiff's allegations, (2) an email between MDOC employees regarding certain threats and a third party's possession of a weapon, (3) a memorandum prepared by the Chief of Investigations with the Office of the Maine Attorney General regarding some of Plaintiff's allegations, (4) Defendant Fagone's "Investigative Checklist-Sexual Misconduct" that contains the name of a third party and personnel information about a defendant, (5) a report sent to Plaintiff regarding an investigation, which report contains the name of a person not involved in this case, and (6) another report sent to Plaintiff regarding an investigation, which report contains the name of a person not involved in this case.

## LEGAL STANDARD

The party seeking to maintain its confidentiality designation "has the burden to show good cause" for the designation. (Order ¶ 9(c)); *Sea Hunters, LP v. S.S. Port Nicholson*, No. 2:08-cv-272-GZS, 2014 WL 2117358 (D. Me. May 21, 2014). The Confidentiality Order provides that a party "may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney … who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure

as confidential personal information, information that could compromise the safety or security of another person or a correctional facility, trade secrets, personnel records, or commercial information." (Order ¶ 3.) A party may serve an objection to the designation and in the objection, the party "shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents." (*Id*. ¶ 9(a).) The Order directs the parties to meet and confer "in a good faith effort to resolve the objection by agreement," and if that effort fails, the designating party must file a motion to retain the confidential designation. (*Id*. ¶¶ 9(b)-(c)).

Defendants argue that the six documents contain information that by statute is confidential. Defendants also contend that the disclosure of certain documents would result in an unwarranted invasion of privacy. Plaintiff argues that the documents are not statutorily protected from disclosure, and that the public interest outweighs any competing interests in the confidentiality of the documents.

## DISCUSSION

Defendants contend the documents contain intelligence and investigative information about state employees, which information is statutorily protected from disclosure. A document is considered intelligence and investigative record information if it was "prepared by or at the direction of a criminal justice agency or kept in the custody of a criminal justice agency while performing the administration of criminal justice or, exclusively for the Department of the Attorney General and district attorneys' offices, the administration of civil justice." 16 M.R.S. § 803. Investigative and intelligence information under § 803 "is confidential and may not be disseminated . . . if there is a

3

reasonable possibility that public release or inspection of the record would … constitute an invasion of privacy… or disclose statutorily designated confidential information." 16 M.R.S. § 804 (3), (9).

Defendants also argue that the documents are confidential because they are considered personnel records under 5 M.R.S.A. § 7070(2)(E).  Under Maine law, certain personnel records are confidential and not open to public inspection, including "complaints, charges, or accusations of misconduct, replies to those complaints, charges or accusations and any other materials that may result in disciplinary action." *Id*. § 7070(2)(E).

Defendants further maintain that the information is confidential under 34-A M.R.S. § 1216 which provides that administrative records "pertaining to any person receiving services from the department must be kept confidential and may not be disclosed."  Lastly, Defendants argue the information should be confidential because releasing this information would constitute an invasion of privacy.  16 M.R.S. § 804(3).

Plaintiff argues the information in the exhibits is not intelligence and investigative information because "'[i]ntelligence and investigative record information' . . . does not include information of record collected or kept while performing the administration of juvenile justice." 16 M.R.S. § 803(7). Plaintiff also contends that Defendants' interpretation of 34-A M.R.S. § 1216 and 5 M.R.S.A. § 7070(2)(E) is misguided. According to Plaintiff, § 1216 is meant to protect the interests of the person in custody (i.e., Plaintiff), and not the employees of a correctional facility, and Defendants' broad interpretation of § 7070(2)(E) would frustrate the purpose of Maine's Freedom of Access

4

Act.  Overall, Plaintiff argues that the public's interest in the information contained in the documents outweighs the competing interests cited by Defendants.

1.      **Exhibits 1-4**

Defendant Fagone investigated Plaintiff's allegations of sexual misconduct at Long Creek.  As part of the investigation, Defendant Fagone prepared an incident report, which contains a narrative of the investigation, the names of the individuals with whom he spoke, and the information he obtained from the individuals.  (Incident Report, ECF No. 83-1.)  Defendant Fagone also received an email, referenced in the incident report, which included information from Plaintiff's probation officer about the relationship between Plaintiff and a juvenile program worker.  (Email, ECF No. 83-2.)  Defendant Fagone completed the "Investigative Check List – Sexual Misconduct" with information obtained during his investigation.  (Check List, ECF No. 83-4.)  The Attorney General's office prepared a report following its investigation into Plaintiff's contention that the investigation of his initial complaint was not thorough.  (Internal Memorandum, ECF No. 83-3).

While the parties debate whether certain statutes provide for the confidentiality of the information, the Court does not have to resolve the debate to decide the issue presented by Defendants' motion.  The Court entered the Confidentiality Order in this case and issues similar orders in other cases to facilitate efficient discovery.  A confidentiality order permits the parties to exchange relevant information without the need for a party to seek a protective order for discoverable materials that the party believes contain information that should be protected from public disclosure.  For instance, in other cases, the confidential

designation has been invoked for trade secrets and other proprietary business information, medical records, personnel records, and information deemed confidential by statute.

The questions for the Court at this stage of the proceedings are whether Defendants have demonstrated good cause for the confidential designation and whether the designation limits in a material way an opposing party's ability to prosecute or defend against a claim. Here, because the documents contain (a) personally identifiable information of individuals who are not party to this action, (b) some information that could reveal safety and investigatory processes, and (c) some information that can reasonably be viewed as confidential by statute, the MDOC Defendants' concerns that resulted in the confidential designation constitute good cause for the designation. Furthermore, Plaintiff has offered no evidence or persuasive argument to suggest that the designation for discovery purposes compromises his ability to prosecute his claims. Plaintiff's challenge to the designation is in part based on the public's interest in the information. The public, however, has no right of access to materials produced in discovery. *See United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (noting the public has no right to access materials produced through civil discovery); *Doe v. Smith*, No. 2:23-cv-00423-JAW, 2024 WL 2109731, at *5 (D. Me. May 8, 2024) ("The *Kravetz* Court resolved one issue: whether there is a right of public access to civil discovery. There is none."). The Court concludes that for purposes of discovery, the designation as to Exhibits 1 – 4 is reasonable and may be maintained at this time.[1]

---

[1] The Court notes that where the public right of access is implicated, a different analysis is required. The issue at this stage is whether Defendants have demonstrated good cause for the confidential designation in the context of discovery. Whether the confidentiality of the documents would be maintained at trial or if relevant to any dispositive motion that might be filed is a separate issue and is not resolved by this order. In addition, if Plaintiff wishes to use a document or the information in a way that is precluded by the

6

2.  **Exhibits 5-6**

Before the litigation began, the MDOC Defendants sent Plaintiff two documents that reflected the status of certain investigations. Plaintiff provided the documents to his attorneys. Defendants contend the documents should remain confidential because they reference a person who is not involved in the case. Plaintiff obtained the information independent of the discovery process and, therefore, the documents are arguably not governed by the Confidentiality Order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33-34 (1984) ("[s]uch a protective order prevents a party from disseminating only that information obtained through use of the discovery process.").

The fact that the Confidentiality Order might not govern the documents does not end the inquiry. There is no authority of which the Court is aware that precludes the Court from considering a request for a protective order regarding the use of a document that is relevant and potentially evidence in a case before the Court. Particularly as there appears to be some uncertainty as to the status of the individual identified in the documents (according to Defendants, the MDOC Defendants believe the person was a staff member and Plaintiff believes the person is a former juvenile resident of Long Creek) and given that the Court cannot on the current record discern the significance of the documents, the Court will preserve the confidentiality of the documents at this time, but will direct the parties to provide additional information regarding the documents.

---

confidential designation or if Plaintiff's concern is his ability to use a document or information upon the conclusion of the case, Plaintiff can request a conference with the Court in accordance with District of Maine Local Rule 26.

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendants' motion to retain the confidential designation as to Exhibits 1 – 4, subject to the Court's ability to revisit the determination at or in anticipation of trial, in connection with any dispositive motion that might be filed, or at Plaintiff's request as outlined in footnote 1 herein. The Court also grants the motion temporarily as to Exhibits 5 and 6. Within 14 days of the date of this order, each party shall file a supplemental memorandum, not to exceed three pages, addressing the position or status of the individual identified in the documents and the relevance of the documents.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 10th day of July, 2024.